# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY TYRONE FOSTER, | ) | No. CV 16-74 DDP FFM |
| | ) | |
| Petitioner, | ) | **ORDER SUMMARILY** |
| | ) | **DISMISSING PETITION FOR** |
| v. | ) | **LACK OF JURISDICTION** |
| | ) | |
| JEFFREY A. BEARD, | ) | |
| | ) | |
| Respondent. | ) | |

On January 5, 2016, Petitioner Ricky Tyrone Foster ("Petitioner"), a state prisoner incarcerated at High Desert State Prison in Susanville, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).

The Petition does not challenge Petitioner's underlying conviction or the duration of Petitioner's confinement. Rather, the Petition alleges: (1) that prison officials at California State Prison, Los Angeles County ("CSP-LAC") illegally deprived Petitioner of his right to file and appeal "602 grievances;" and (2) that the Los Angeles County Superior Court erroneously denied his state court habeas petition challenging both his transfer to High Desert State Prison and the purported prohibition on seeking appellate review of his prison inmate grievances. (Dkt. No. 1 at 9). Petitioner seeks various forms

of relief, including the expungement of a rules violation that resulted in his placement in the administrative segregation unit at CSP-LAC and his transfer to High Desert State Prison.[1] (Id. at 41–42).

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484–86 (1973)). Accordingly, federal courts' jurisdiction over habeas claims is limited to claims that "necessarily imply the invalidity of a conviction" or "necessarily spell speedier release." *Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011) (citing *Skinner v. Switzer*, 131 S.Ct. 1289, 1298–99 & n.13 (2011)). Additionally, "[h]abeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (citations omitted) (holding that the court had jurisdiction over habeas claims because the challenged disciplinary sanctions resulted in "segregation from the general prison population").

To the extent that they can be discerned, Petitioner's claims are not cognizable on federal habeas. Restoration of Petitioner's ability to file and appeal inmate grievances cannot be reasonably presumed to implicate the validity of Petitioner's conviction or expedite his release from custody. Moreover, Petitioner is currently housed in a Level IV facility at High Desert State Prison, rather than the prison's administrative segregation unit. (Dkt. No. 1 at 97). Because Petitioner is no longer housed in the administrate segregation unit, his request for relief on that basis is moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) (petitioner's release from security housing unit rendered his petition moot because the court could "no longer provide him

---

[1] The Petition states that the rules violation occurred on May 3, 2014. (Dkt. No. 1 at 41). However, prison documents attached to the Petition indicate that the violation that resulted in Petitioner's placement in administrative segregation occurred on April 16, 2014. (Id. at 72).

the primary relief sought in his habeas corpus petition"). Likewise, Petitioner's Level IV classification is the same security classification in which he was housed at CSP-LAC. (*Id.* at 92). Consequently, it does not appear that any relief, including expungement of the challenged rules violation, would materially reduce any present restrictions of Petitioner's liberty.

Based on the above discussion and pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed with prejudice.

DATED: APRIL 28, 2016

DEAN D. PREGERSON
United States District Judge

Presented by:

/S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3